NSS RESTAURANT SERVICES, INC. *v.* WEST MAIN
PIZZA OF PLAINVILLE, LLC, ET AL.
(AC 32626)

DiPentima, C. J., and Robinson and Alvord, Js.

Argued October 28—officially released December 27, 2011

*C. Scott Schwefel*, for the appellant (plaintiff).

*Robert F. Cohen*, with whom, on the brief, was *Sarah Ann Cohen*, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The plaintiff, NSS Restaurant Services, Inc., appeals from the judgment of the trial court rendered in favor of the defendants West Main Pizza of

Plainville, LLC (West Main Pizza), and Agnes Kaleodis.[1] On appeal, the plaintiff claims that the court improperly found that an inter-creditor agreement (agreement) between the parties was not supported by consideration. We disagree and, accordingly, affirm the judgment of the trial court.

The court found the following facts. Kaleodis, along with her husband, Peter Kaleodis, owned and operated West Main Pizza. On May 6, 2004, the plaintiff purchased the restaurant business for $205,000. The terms of this purchase included a note payable from the plaintiff to West Main Pizza in the amount of $155,000.

In April, 2005, the plaintiff sold the restaurant business to St. Pierre & Badal, LLC (Badal), for $205,000. As part of the terms of this transaction, Badal assumed payment of the note issued by the plaintiff to West Main Pizza. The amount of this note had been reduced to $134,000. Additionally, the plaintiff received a note from Badal in the amount of $55,491.25 and cash in the amount of $15,570.23. The closing of this transaction occurred on April 30, 2005. At this time, West Main Pizza and the plaintiff executed the agreement. The purpose of the agreement was "to further clarify and to further perfect and protect [the parties'] respective rights" regarding the assets and other inventory of Badal securing the two notes.

Paragraph 3 (b) of the agreement provides: "Subject to the provisions of subsection (c) below, all realizations upon the Collateral [that secured the two notes] shall be first distributed in favor of [the defendants] until all amounts owed to [the defendants] under the

---

[1] The plaintiff also named St. Pierre & Badal, LLC, Shamshon Badal Kavski and Amy M. St. Pierre as defendants. The plaintiff withdrew its claims against these parties, and we therefore refer to West Main Pizza and Kaleodis as the defendants in this appeal.

[$134,000 note] are paid in full, thereafter; any additional proceeds remaining upon a liquidation and subsequent realization shall then be distributed to [the plaintiff] up to the amount owed. After such distribution, any amount still owed to [the plaintiff] pursuant to the [$55,491.25 note] will be directly assumed by [the defendants], pursuant to terms of [the $55,491.25 note], and [the defendants] will execute and deliver to [the plaintiff] such documentation necessary to properly evidence such assumption . . . and file such documents necessary to perfect [the plaintiff's] security interest." The agreement further provided a six month grace period before the payments from the defendants to the plaintiff would commence. Peter Kaleodis, on behalf of West Main Pizza, Agnes Kaleodis, individually, the president of the plaintiff and a member of Badal all signed the agreement.

At some point, Badal ceased payment on the note to West Main Pizza and "walked away from the business." In a complaint dated August 11, 2009, the plaintiff alleged that, pursuant to the agreement, West Main Pizza had agreed to assume the obligation of the note from Badal payable to the plaintiff. It further claimed that the amount due on this note was $35,976.76. The defendants filed a special defense that there "was a failure of consideration for the [agreement] in that there was no tangible benefit to the [defendants]."

On August 4, 2010, the court issued its memorandum of decision. It found that "[n]o consideration of any kind was received by the defendants for the benefits received by the [plaintiff] set out in the [agreement] of the parties." Accordingly, it determined that the agreement failed for lack of consideration. The court subsequently articulated its decision and stated that no credible evidence was presented that the defendants received payment or benefit for the transfer of the repayment obligation from Badal to the defendants. It

further explained that "no credible evidence was presented to show that the . . . defendants received anything of value for participating in the [agreement]."[2]

On appeal, the plaintiff claims that the court improperly found that the agreement was not supported by consideration. Specifically, it argues that the court failed to consider that West Main Pizza's "ability to re-enter the premises, seize equipment, and run a restaurant business, without interference from [the plaintiff], is something of value." It further contends that under Connecticut law, promises that do not entail monetary payment may constitute valid consideration.

We begin our analysis by setting forth the relevant legal principles and our standard of review. "It almost goes without saying that consideration is [t]hat which is bargained-for by the promisor and given in exchange for the promise by the promisee . . . . We also note that [t]he doctrine of consideration does not require or imply an equal exchange between the contracting parties. . . . Consideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made. . . . Whether an agreement is supported by consideration is a factual inquiry reserved for the trier of fact and subject to review under the clearly erroneous standard." (Internal quotation marks omitted.) *Martin Printing, Inc.* v. *Sone*, 89 Conn. App. 336, 345, 873 A.2d 232 (2005); see also *Viera* v. *Cohen*, 283 Conn. 412, 440–41, 927 A.2d 843 (2007). Put another way, "[u]nder the law of contract, a

---

[2] The plaintiff's complaint also set forth a claim of unjust enrichment against the defendants. The court did not specifically address this cause of action in its memorandum of decision. In its motion for an articulation, the plaintiff requested that the court address this claim. The articulation, however, made no mention of the unjust enrichment issue, and the plaintiff failed to file a motion for review of the court's articulation. We note that the plaintiff does not argue on appeal that the court improperly failed to consider its unjust enrichment claim.

promise is generally not enforceable unless it is supported by consideration." (Internal quotation marks omitted.) *Thibodeau* v. *American Baptist Churches of Connecticut*, 120 Conn. App. 666, 676, 994 A.2d 212, cert. denied, 298 Conn. 901, 3 A.3d 74 (2010). Last, we are mindful that "[i]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . On appeal, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled." (Internal quotation marks omitted.) *Weyel* v. *Catania*, 52 Conn. App. 292, 295, 728 A.2d 512, cert. denied, 248 Conn. 922, 733 A.2d 846 (1999).

The plaintiff argues that the intent of the agreement between the parties was "to allow West Main [Pizza] to re-enter the premises in the event of default by Badal without any interference from [the plaintiff] or any claim to the assets and upon seizure of the equipment, reopen the business and after six months, begin the repayment of the obligation to [the plaintiff]." The plaintiff further contends that West Main Pizza's authority to evict Badal, regain possession of the premises and equipment and reopen the business was set forth in the agreement. The plaintiff concludes that the consideration in this case, therefore, was the ability of the defendants to reclaim the premises and business in exchange for assuming Badal's note to the plaintiff.

The fatal flaw in the plaintiff's appellate argument is that the court never made the specific factual findings relied upon by the plaintiff. Specifically, the court made no findings regarding anything in the agreement that permitted the defendants to reclaim the premises and business in exchange for assuming Badal's note to the plaintiff. The trial court found that "the reasonable interpretation of the agreement is that West Main Pizza in this situation was to receive full payment of the

[plaintiff's] note before any payments are due to it under the [agreement]." The court did not find that the agreement permitted the defendants to reclaim the business in exchange for becoming liable on the Badal note to the plaintiff. Simply put, the plaintiff relies solely on the *testimony* adduced at trial to support its claim of consideration found in the agreement. This court, however, is bound by the actual *findings* made by the trial court. The court expressly found: "No consideration of any kind was received by the defendants for the benefits received by the [plaintiff] set out in the [agreement]." The plaintiff has failed to persuade us that this finding was clearly erroneous.[3] We conclude, therefore, that the court properly rendered judgment in favor of the defendants.

The judgment is affirmed.

---

[3] We note that the plaintiff does not argue that it was clearly erroneous for the court not to consider the testimony regarding the events and actions of the parties after Badal abandoned the restaurant business. Its argument is limited solely to its assumption that the agreement authorized the defendants to reclaim and reopen the business, and the court improperly failed to find that this was the consideration required for a valid contract. As we already have indicated, the court never found the underlying facts necessary for this argument to succeed.